UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHANIE HOKAMA,
    Plaintiff,

vs.                                      Case No.:  3:25cv2612/TKW/ZCB

TONYA DAVIS,
et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* civil rights case is before the Court on Plaintiff's "Motion for Temporary Restraining Order and Motion for Preliminary Injunction" (Doc. 5) and "Motion to Suppress and Declare Unconstitutional the Warrantless Seizure of a Minor Child"[1] (Doc. 7).  For the reasons below, Plaintiff's motions should be denied.

To receive a temporary restraining order or preliminary injunction, a movant must show that:  (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any

---

[1] Based on a review of this motion, the Court construes it as a motion for preliminary injunction.

injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

The Court issued a separate order on today's date discussing the reasons why Plaintiff's factual allegations fail to state a plausible claim for relief against any Defendant.[2] At the conclusion of the order, the Court directed Plaintiff to either file an amended complaint that cured the pleading deficiencies or a notice of voluntary dismissal. Because Plaintiff's complaint fails to state a claim against any Defendant, she has failed to demonstrate a substantial likelihood of success on the merits of her claims. For this reason, she is neither entitled to a temporary restraining order nor a preliminary injunction.

---

[2] The Court has a statutory duty to screen Plaintiff's complaint because she is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Temporary Restraining Order and Motion for Preliminary Injunction" (Doc. 5) and "Motion to Suppress and Declare Unconstitutional the Warrantless Seizure of a Minor Child" (Doc. 7), be **DENIED**.

At Pensacola, Florida this 23rd day of December 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.