UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHANIE HOKAMA,

    Plaintiff,

v.                                          Case No.  3:25-cv-2612-TKW-ZCB

TONYA DAVIS, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 11) and Plaintiff's objections (Doc. 12).  The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Plaintiff's pending motions should be denied because she failed to demonstrate a substantial likelihood of success on her claims.

None of the arguments in Plaintiff's objections are persuasive, but the only one that warrants any comment is her argument that the *Younger* abstention doctrine[1] does not apply because the complaint is raising a standalone <u>completed</u>

---

[1] The magistrate judge cited this doctrine in a separate order (Doc. 10) as one of several reasons why Plaintiff's complaint failed to state a plausible claim for relief, and he relied on the complaint's failure to state a claim as the basis for his conclusion in the R&R that Plaintiff was not entitled to a temporary restraining order or preliminary injunction.  *See* Doc. 11 at 2.

constitutional violation, not a challenge to the state court process. That argument is not persuasive because the complaint and Plaintiff's motion for preliminary/temporary relief are plainly based on things that have occurred (and are allegedly still occurring) an <u>ongoing</u> state dependency proceeding. Moreover, even if Plaintiff was correct that *Younger* abstention does not apply because the specific proceeding that resulted in the alleged unconstitutional removal of her children is <u>completed</u>, that would not help her because of the *Rooker-Feldman* doctrine.

As intimated by the magistrate judge in the order dismissing the complaint with leave to amend, *see* Doc. 10 at 8, the *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction over a complaint "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where (as here) "the source of the plaintiff's injury is the state-court judgment itself," *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), and it applies "whether the plaintiff admits to filing a direct appeal of the judgment or [as here] tries to call the appeal something else," *Behr v. Campbell*, 4 F.4th 1206, 1211 (11th Cir. 2021) (citations omitted).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. Plaintiff's "Motion for Temporary Restraining Order and Motion for Preliminary Injunction" (Doc. 5) is DENIED.

3. Plaintiff's "Motion to Suppress and Declare Unconstitutional the Warrantless Seizure of Minor Child" (Doc. 7) is DENIED.

4. This case is returned to the magistrate judge for further pretrial proceedings.

**DONE AND ORDERED** this 9th day of January, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**